## Case No. 13,357.

### In re STEINMAN.

[6 Biss. 166;[1] 10 N. B. R. 214; 6 Chi. Leg. News, 338; 31 Leg. Int. 269; 21 Pittsb. Leg. J. 200.]

District Court, N. D. Illinois. July, 1874.

BANKRUPTCY — DENIAL OF SAME — STATEMENT OF CREDITORS—VERIFICATION.

Since the amendment to the bankrupt act of June 22, 1874 [18 Stat. 178], a statement of his creditors filed by the debtor on denial of bankruptcy must be verified.

In bankruptcy. [In the matter of Louis E. Steinman, a bankrupt.] This was a creditor's petition filed previous to the passage of the amendment of June 22, 1874, and amended immediately thereafter by adding new petitioning creditors and inserting the required allegations as to the number and amount of creditors.

Adolph Moses, for debtor, on the return day of the rule to show cause to the amended petition, presented a denial that the requisite number of creditors had joined in the petition, with a list of creditors annexed. The denial was not verified.

J. H. Bissell, for petitioning creditors.

---

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

BLODGETT, District Judge. Although the law does not expressly require that the list of creditors presented by the debtor, in denial that the requisite number and amount have joined in the petition, should be sworn to by him, the general intent of the act would seem to indicate that it should be done. Where the petitioning creditors have made out a prima facie case, if the debtor wishes to deny it, he should do so under oath, as the list of his creditors must be particularly within his own knowledge, and the petitioners are entitled to the benefit of a sworn list, that they may have some assurance that fictitious claims are not inserted.

The practice in this district will be uniformly to require the list of creditors filed by the debtor to be properly verified.

NOTE. The amendment of June 22d, 1874, does not require the denial of the debtor, that the petitioners constitute the requisite proportion of his creditors, to be sworn to, but in the absence of a rule of the supreme court on the point, it is proper to require such denial to be verified by the oath of the debtor, and for like reasons the list of his creditors filed by the debtor should be verified in like manner. In re Hymes [Case No. 6,986].